# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
September 13, 2005 Session

## JAMES K. CANNON v. LOUDON COUNTY, TENNESSEE, ET AL.

**Circuit Court for Loudon County**
**No. 7112    Russell  E. Simmons, Jr., Judge**

---

**No. E2004-02995-COA-R3-CV  - FILED DECEMBER 20, 2005**

---

CHARLES D. SUSANO, JR., concurring.

I agree completely with the excellent opinion authored by Judge Lee.  I write separately to emphasize what I believe is the most important aspect of this case: the plaintiff, as an incarcerated person, had no place to go, *i.e.*, he could not leave the recreation room to completely avoid the water problem!  He was "trapped" along with the seven or eight other inmates in the room.  This event happened at night when the sleeping mats of the inmates obviously covered a portion of the floor, thereby further reducing the walking area.  I am sure – as the dissent emphasizes – that there was some light in the room; but it obviously wasn't lighted to the full extent.  In the evening, the room was a sleeping area, not a recreation room.

The trial court found that the plaintiff fell en route to the bathroom.  Apparently, he was answering a call of nature – one that he obviously could not resist.  I don't believe it is particularly significant in this case that the plaintiff knew that the building, as the saying goes, "leaked like a sieve."  If you have to go to the bathroom, you have to go, water on the floor or not.  I doubt that the guards would have been particularly receptive to a command from within the recreation room to "get in here and clean up this water; and, by the way, repair the leaks."  The plaintiff could not run; he could not hide; he had no place to go.  If others had tracked through the water, leaving footprints, so be it.  He had to go to the bathroom and through the wet tracks he went. Under the circumstances, I cannot find fault in his conduct.

I concur.

_____
CHARLES D. SUSANO, JR., JUDGE